# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:15-cr-77 |
| | § | Judge Mazzant |
| JORDAN BALLARD | § | |

## MEMORANDUM OPINION AND ORDER

On appeal, Defendant, for the first time, raised the issue that his conviction and judgment against him violated *United States v. Berry*, 977 F.2d 915 (5th Cir. 1992), resulting in an agreed remand. The dispute now is whether Defendant can be sentenced to two counts of the indictment or just one count. Finding that the Government failed to establish by preponderance of the evidence that there were two criminal episodes, the Court finds that Defendant can only be sentenced to one count, because sentencing Defendant to two counts would violate Double Jeopardy.

### BACKGROUND

On January 27, 2016, Defendant pleaded guilty to one count of felon in possession of a firearm (Count One), and four counts of felon in possession of ammunition (Counts Two through Five), all in violation of 18 U.S.C. § 922(g)(1). Following a two-day sentencing hearing, this Court sentenced Defendant to imprisonment for 120 months on each of Counts One, Two, and Three, to run consecutively, and imprisonment for 120 months on each of Counts Four and Five, to run concurrently; three years of supervised release on each of the counts, to run concurrently; and a $500 special assessment. On December 8, 2016, Defendant filed a notice of appeal. On May 15, 2017, Defendant and the Government filed at the Fifth Circuit a Joint Motion to Vacate and Remand to this Court for resentencing. Although the parties agree that a *Berry* error occurred in sentencing, the parties disagree on the number of counts for which Defendant may be resentenced.

After remand, Defendant filed the Partially Opposed Motion to Dismiss Four (4) Multiplicitous Counts in the Indictment Which Violate the Double Jeopardy Clause of the United States Constitution (Dkt. #110). On August 28, 2017, the Government filed a response (Dkt. #117). On September 4, 2017, Defendant filed a reply (Dkt. #118). On September 6, 2017, the Court held a hearing on Defendant's motion to dismiss four counts of the indictment as multiplicitous. During that hearing, this Court raised the question of whether or not it could consider the facts presented during the sentencing hearing to support the Court's decision[1]. On September 12, 2017, the Government filed a supplemental response (Dkt. #121). On September 13, 2017, Defendant filed a supplemental reply (Dkt. #122).

## LEGAL STANDARD

The Fifth Circuit has held that Congress did not intend for the simultaneous possession of a firearm and the possession of ammunition to be separate offenses. *Berry*, 977 F.2d at 919. While the Government may charge and try a defendant for the multiple offenses of being a felon in possession of ammunition and being a felon in possession of a firearm, there may not be simultaneous convictions and sentences. *Id.* at 920. A simultaneous conviction and sentence for the same criminal act would violate the double jeopardy clause. *Id.* The fact that a court may order the sentences to run concurrently does not change this result. *Id.*

"In several unpublished decisions, [the Fifth Circuit] has quoted *Berry* to distinguish its outcome if the record 'prove[d] that [the defendant] obtained the firearm and ammunition on different occasions.'" *United States v. Meza*, 701 F.3d 411, 433 (5th Cir. 2012) (quoting *United States v. Castro*, 227 F. App'x 386, 386 (5th Cir.2007)).

---

[1] Both sides agreed that the Court can consider the totality of the evidence including all evidence admitted during the sentencing hearing.

## ANALYSIS

The issue in this case is whether Defendant can be sentenced on both the gun count and one ammunition count.[2] Admittedly, no one recognized that there was a *Berry* issue in this case, including the Government, original defense counsel, or the Court. On appeal, appellate defense counsel discovered the issue, which resulted in an agreement to remand. Defendant takes the position that he may only be sentenced on one count. The Government takes the position that Defendant may be sentenced on the gun charge (Count One) and one of the ammunition counts (Count Two).

Defendant was convicted under 18 U.S.C. § 922(g)(1) for simultaneous possession of a firearm and ammunition, both of which were found during the single police search of Defendant's property. On April 21, 2015, Defendant shot and killed Justyn Simmons in front of Defendant's residence at 607 W. Monterey in Denison, Texas, using a 9mm handgun that contained TulAmmo brand 9mm Luger ammunition. Defendant used one round of the ammunition to shoot and kill Justyn Simmons, and the remaining three rounds of ammunition to shoot at Victor Simmons. This ammunition was the object of Counts Two through Five. During the investigation of that shooting on April 21, 2015, a Harrington & Richardson, Model 922, .22 caliber revolver, serial number L18952, was recovered inside the residence of 607 W. Monterey, pursuant to a search warrant. The firearm was recovered inside the closet of Defendant's bedroom.

The indictment alleges that Defendant possessed both the firearm and ammunition on or about April 21, 2015 (Dkt. #1). Defendant entered a plea of guilty to all counts of the indictment

---

[2] The Government did not object to the dismissal of Counts Three through Five of the indictment based upon multiplicity of those counts to Count Two. The Government requests that the Court sentence on both Counts One and Two. However, the Government has not moved to dismiss any of the counts of the indictment.

without a plea agreement. The written factual basis restates the language of the indictment that Defendant possessed both the firearm and ammunition on or about April 21, 2015 (Dkt. #27). At his plea hearing before the Magistrate Judge, when asked to say in his own words what he did to support a factual basis for the plea, Defendant stated as follows: "I possessed a gun and ammo after I had been convicted of a felony" (Dkt. #79 at p. 17). The Court accepted Defendant's plea of guilty and adjudged Defendant guilty as to Counts One through Five of the indictment (Dkt. #30). The Government did not charge Defendant with receiving or possessing the gun and ammunition at some earlier date. Defendant was charged in each count with possession on or about April 21, 2015. A review of the record up to Defendant's conviction demonstrates a *Berry* problem because there is no way to distinguish between the gun and ammunition all being seized on the same date, April 21, 2015. *See Meza*, 675 F.3d at 431– 34 (Double jeopardy violation where defendant was convicted of possession of a firearm that was found in his shed and possession of two boxes of ammunition that were found in his house on the same date). The Government simply did not charge Defendant with possession of firearms and ammunition on different occasions. However, in this case, the Government asserts that at the sentencing hearing, Defendant testified that the two firearms were obtained on different dates. The Court will assume for this analysis that the Court can utilize the evidence offered at the sentencing hearing[3] to resolve the *Berry* issue.

At the sentencing hearing there was evidence to support that the gun in Count One, which was found in Defendant's home, and the gun used by Defendant in the shooting were acquired at different times and for different purposes. Under Fifth Circuit law, this evidence would support Defendant being sentenced to multiple firearm counts. The problem in this case is that the

---

[3] Defense counsel conceded that the Court may consider all of the evidence offered at the sentencing hearing.

Government did not charge Defendant with possession of the second gun due to the fact that the firearm was never found and was disposed of by Defendant. Instead, the Government charged Defendant with possession of the shells recovered from the unrecovered firearm after the shooting. Defendant asserts that there is no evidentiary support to establish when the ammunition was acquired by Defendant. The Court agrees. At the time of sentencing, no one was aware of the *Berry* issue, and no questions were asked of Defendant or any other witness to establish when the ammunition charged in Counts Two through Five was acquired.[4]

The Government asserts that the Court can infer when the ammunition was acquired from the fact that there was evidence to establish that the firearms in question were acquired on different occasions and therefore the ammunition was also acquired on different occasions. The Government cites *Everett* to support its position. *United States v. Everett*, 123 F.3d 631, 2000 WL 1701776, at *7 (5th Cir. 2000). Although *Everett* did find, under a plain error review, it was permissible to infer that the defendant obtained the ammunition at separate times, the Court finds that those facts are distinguishable from the facts of this case. In *Everett*, during an earlier search invited by defendant's spouse, the officer found loose ammunition of varying caliber in a drawer. *Id.* After a search warrant was issued and a search ensued, the officer discovered the same loose ammunition and also

---

[4] The Government asserts that all counts of the indictment charge that the offenses occurred "on or about April 21, 2015," which does not foreclose the evidence that the guns were acquired on different dates. The Court agrees. "The prosecution is not required to prove the exact date alleged in the indictment; it suffices if a date reasonably near is established." *United States v. Mata*, 491 F.3d 237, 243 (5th Cir. 2007) (quoting *United States v. Valdez*, 453 F.3d 252, 260 (5th Cir. 2006)) (one-day variance from indictment to evidence was reasonably close); *United States v. Girod*, 646 F.3d 304, 316–17 (5th Cir. 2011) (four-month variance from indictment to evidence not material and not a constructive amendment of indictment); *United States v. Wilson*, 116 F.3d 1066, 1089 (5th Cir. 1997) *vacated on other grounds by United States v. Brown*, 161 F.3d 256 (5th Cir. 1998) (en banc) (five-month variance is not unreasonable so long as the date proven falls within the statute of limitations and before return of the indictment); *Russell v. United States*, 429 F.2d 237, 238 (5th Cir. 1970) (one-year difference in indictment and actual proof at trial due to typographical error). The evidence at the sentencing hearing demonstrates that the 9mm firearm was acquired on or about July 2014, which is when Defendant was released from prison, and that the .22 revolver found at the residence was acquired for his girlfriend after they moved into the residence at 607 West Monterey on or about April 1, 2015.

"unearthed" three boxes of 9mm ammunition in the bottom drawer of the same chest of drawers in which the loose ammunition was located. *Id.* The Fifth Circuit found that it was permissible to infer that defendant obtained the ammunition at separate times because the officer found additional ammunition not present during the earlier visit. *Id.* The facts of this case are very different.[5] The firearm and the ammunition were all discovered the same day. The Government argues that common sense tells us that correlating ammunition was purchased at or near the time each firearm was acquired. The Court agrees that common sense would lead us to believe that to be the case, but common sense is not evidence. There is no evidence in this record to support when the ammunition for the 9mm was acquired. In fact, there is no evidence to determine the exact date when each of the firearms was acquired. Defendant merely testified to the general time frame he acquired the firearms.[6]

This case was never prosecuted as two criminal episodes. The record up to conviction only supports one criminal episode, partly because no one recognized the *Berry* problem until it was raised on appeal. With that being said, the Government did not have evidence at the time of the conviction to support the case as two separate criminal episodes, so the Government cannot be faulted with where the case currently stands. The evidence that the two firearms were acquired at different times resulted from Defendant's testimony at the sentencing hearing (testimony that may not have occurred if counsel had recognized the *Berry* problem). Instead, Defendant waived his Fifth

---

[5] The Government also cites to *United States v. Bullock*, 615 F.2d 1082 (5th Cir. 1980). *Bullock* was decided prior to the *Berry* decision, and the Government fails to explain how the facts of this case fall within the scope of *Bullock*.

[6] The Court would note that Defendant was found not to be a credible witness, and the Court is not sure that relying upon his testimony as to when he acquired the firearms would be appropriate.

Amendment rights and testified, which the Court can consider. There is simply no evidence as to when the ammunition for the two separate firearms was acquired. The Court declines the Government's invitation to infer that the ammunition for the 9mm was reasonably acquired at the time Defendant obtained the 9mm. Although this inference may be reasonable, it is also possible that Defendant acquired the ammunition when he acquired the .22, which was close in time to the April 21, 2015 date. The Court declines to speculate on multiple theories. The simple truth is that the Government has failed to establish by a preponderance of evidence that the ammunition represented by Count Two was acquired at a different time than when the .22 revolver was acquired. *See Meza*, 701 F.3d at 433; *Berry*, 977 F.2d at 920; *Castro*, 227 F. App'x at 386.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Partially Opposed Motion to Dismiss Four (4) Multiplictous Counts in the Indictment Which Violate the Double Jeopardy Clause of the United States Constitution (Dkt. #110) is **GRANTED.** Within ten (10) days, the Government shall elect which counts of the indictment it would like to dismiss and which count should proceed to sentencing.

**SIGNED this 16th day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE